IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:05-684-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| JABBAR JOMO STRAWS ) | |
| ) | |
| _____ ) | |

The *pro se* defendant, Jabbar Jomo Straws, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved to dismiss, contending that the defendant's motion is untimely and that the issues are not meritorious.

PROCEDURAL HISTORY

The defendant was charged in 2005 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1), and with possession of a quantity of cocaine in violation of 21 U.S.C. § 844(a) (Count 2). At the time he was indicted in federal court, the defendant was in the custody of the State of South Carolina, serving a 110-year sentence at the South Carolina Department of Corrections.

On July 25, 2006, the defendant, represented by his court-appointed defense counsel, entered into a plea agreement with the government and pled guilty to the firearm possession charged in Count 1 of the indictment. The government agreed to dismiss the drug possession charged in Count 2. During the guilty plea proceeding, the defendant admitted that he had

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

the weapon and ammunition in question "on his person" and also admitted that he had three previous felony convictions.

Thereafter, the defendant filed *pro se* motions to dismiss his court-appointed counsel and to withdraw his guilty plea. This court appointed substitute counsel on January 23, 2007. On February 20, 2007, at the sentencing proceeding, after a lengthy colloquy with the court, the defendant advised the court that he wished to dismiss his motion to withdraw his guilty plea. The court then calculated the advisory sentencing guidelines in this case and determined that the sentencing range for the defendant was 188 to 235 months. The court imposed a sentence of imprisonment of 210 months, to be served concurrently with the 110-year State sentence the defendant is presently serving.

On February 28, 2007, the defendant filed a timely notice of appeal contending that this court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure at the guilty plea proceeding, and that the court improperly dismissed his *pro se* motions. Appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).

On December 6, 2007, the Fourth Circuit affirmed the defendant's judgment and conviction, finding that the district court fully complied with the requirements of Rule 11 at Straws' guilty plea hearing and that Straws knowingly and willingly withdrew his *pro se* motions after ample opportunity to be heard and confer with counsel. See *United States v. Straws*, 257 Fed.Appx. 637, 2007 WL 4293606, C.A. 4 (S.C.), October 11, 2007 (No. 07-4238). The mandate of the Fourth Circuit was issued on January 10, 2008.

On May 9, 2011, more than three years later, the defendant filed the present motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. After the

government moved to dismiss, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant responded to the motion.

Stated succinctly, the government contends in its motion to dismiss that (1) this action was not timely filed; and (2) in any event, it lacks merit. The defendant has filed a response in opposition to the government's motion.

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 motion should be denied as untimely.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1)  the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

Straws' judgment of conviction in this federal court was entered on February 21, 2007. His appeal was filed a week later on February 28, 2007. The mandate affirming his conviction was issued by the Fourth Circuit on January 10, 2008 and his conviction became final on April 10, 2008 for § 2255 purposes.[2] Therefore, Straws had one year later, until April 10, 2009 to file his § 2255 petition. However, he did not file it until two years later on May 9, 2011.

Although courts have the authority to apply the doctrine of equitable tolling to relax the one-year limitations period, such instances are rare and must be extraordinary. Here, the defendant merely argues that the one-year limitations period should not be applied in this case because he was not informed until very recently that his appeal had been decided over three years ago. To this end, the defendant attaches a letter to him from the Clerk of the

---

[2] When a defendant appeals his conviction and sentence, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period during which he could have petitioned the United States Supreme Court for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). Since Straws did not pursue a grant of certiorari, his one year statute of limitations began to run on or about April 10, 2008, expiring on or about April 10, 2009, absent equitable or statutory tolling.

4

United States Court of Appeals for the Fourth Circuit, dated March 9, 2011, informing him of the January 10, 2008 decision on his appeal.

This court is hard pressed to believe that the defendant was not properly and timely informed by counsel or the Fourth Circuit of the disposition of his appeal. A review of the court's electronic docket system reveals that Mr. Straws has brought numerous *pro se* lawsuits and has filed *pro se* appeals in this court since 2006.[3] When he filed a *pro se* appeal in his federal criminal case on February 28, 2007, his return envelope address was marked "Lee Correctional Institution in Bishopville, South Carolina." When the Fourth Circuit issued its judgment on December 6, 2007 (mandate issued January 10, 2008), the defendant was still housed at Lee Correctional Institution. In an appeal he filed in a separate action in this court on April 11, 2008, the defendant continued to list his return address as Lee Correctional. It does not appear that any mail was returned to the Clerk of Court for an improper address.

While it is certainly possible that one or both of the notices from the Fourth Circuit were not received by the defendant, it is doubtful that the defendant would wait more than three years to inquire about the status of his federal appeal, especially in light of the fact that he has vigorously asserted violations of his due process rights in this court for alleged inordinate delays in his state court appeal.

Further, the defendant has not presented any facts to suggest that he was prevented from asserting this claim by some wrongful conduct on the part of the government or that

---

[3] This court may take judicial notice of its own files and records. *Aloe Creme Labs, Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970).

5

some extraordinary circumstances beyond his control made it impossible to file the claims in a timely manner. *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

Finding no impediments or appropriate tolling applicable to the statute of limitations, this court finds that the § 2255 motion must be dismissed as untimely. *Untied States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003). Because the court finds that the petition is time-barred, it is not necessary to examine the merits of the defendant's claims.

## CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is untimely. Accordingly, the government's motion to dismiss is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

August 18, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

6